

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2002

# Bell v. Ostrow

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2278

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Bell v. Ostrow" (2002). *2002 Decisions.* Paper 322.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/322

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-2278
_____

LAD J. BELL;
MICHAEL A. DEPOMPEO,

v.

PAUL OSTROW, individually and as
Councilman or Mayor of the Township
of Teaneck; WILLIAM NORTON, individually
and as Chief of the Teaneck Fire
Department; JOHN BAUER, individually and
as Deputy Chief of the Teaneck Fire Department;
JOSEPH PALAZZOLA, individually and as Deputy
Chief of the Teaneck Fire Department;
ROBERT O'NEILL, individually and as Captain
of the Teaneck Fire Department; GARY SAAGE,
individually and as Town Manager of the
Township of Teaneck; TOWNSHIP OF TEANECK,
Municipal Corporation
Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 00-cv-05851)
District Judge: Honorable Dickinson R. Debevoise

Argued on February 28, 2002

Before: ROTH and FUENTES, Circuit Judges
KATZ*, District Judge

(Filed June 4, 2002)

     * Honorable Marvin Katz, District Court Judge for the Eastern District of
Pennsylvania, sitting by designation. James F. Keegan, Esquire (Argued)
Sherri Davis Fowler, Esquire
Bendit Weinstock, P.A.
80 Main Street
West Orange, NJ 07052

        Attorneys for Appellants

Gregory R. Begg, Esquire (Argued)
David Lew, Esquire
Aaron C. Schlesinger, Esquire
Peckar & Abramson, P.C.
70 Grand Avenue
River Edge, NJ 07661

        Attorneys for Appellees
        _____

OPINION

―――――――――――――――

ROTH, Circuit Judge:

Plaintiffs Lad J. Bell and Michael A. DePompeo appeal from the April 4, 2001, Order of the United States District Court for the District of New Jersey, dismissing their Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons stated below, we will reverse the order and remand this case to the District Court for further proceedings.

The facts described herein are taken, as they must be taken, entirely from the Amended Complaint.  For the purposes of reviewing the District Court's dismissal, we must accept as true all facts alleged in the Amended Complaint and draw all reasonable inferences arising from those facts in plaintiffs' favor.  See Schrob v. Catterson, 948 F.2d 1402, 1405 (3d Cir. 1991).  We exercise plenary review over the Rule 12(b)(6) dismissal, see, e.g., Ditri v. Coldwell Banker Residential Affiliates, 954 F.2d 869, 871 (3d Cir. 1992), and we must affirm "only if it appears certain that no relief could be granted to [Plaintiffs] under any set of facts which could be proven."  Shubert v. Metrophone, Inc., 898 F.2d 401, 403 (3d Cir. 1990).

Bell and DePompeo have been employed as firefighters by the Teaneck Fire Department (TFD) since 1987 and 1980, respectively.  Plaintiffs allege that defendants, the Township of Teaneck and certain individual agents of Teaneck and TFD, retaliated against them for engaging in various Constitutionally-protected activities.  Plaintiffs bring these claims under 42 U.S.C.   1983 and 1985, 18 U.S.C.   1962, the First, Fourth and Fourteenth Amendments to the United States Constitution, the Conscientious Employee Protection Act, N.J. Stat.   34:19-1 to -8 (2002), and the New Jersey common law theories of intentional and negligent infliction of emotional distress.

Both the protected activities and the alleged retaliation differ with respect to each of the plaintiffs.  With respect to Bell, the Amended Complaint alleges that defendants retaliated in response to Bell engaging in the following four activities:  (1) supporting fellow firefighter William F. Brennan in a 1993 bid for union secretary; (2) offering a deposition, an affidavit, and testimony between 1997 and 2000 in support of Brennan's federal suit against the defendants; (3) opposing a decision to close fire stations and complaining of fire station safety hazards in statements to the media; and (4) complaining of safety hazards to Teaneck council members.  Defendants allegedly retaliated against Bell between October 1995 and October 2000 by prohibiting him from attending a training class, assigning him less desirable work, requiring him to file a grievance to collect pay for time spent testifying in Brennan's suit, ordering that phone calls be made to the fire station while Bell and Brennan slept there, disciplining Bell disproportionately for various infractions, and depriving Bell of overtime pay and sick leave.

DePompeo's allegedly protected activities include his continued friendship and association with Brennan and Bell as well as his legal action against defendants, which followed his February 1996 report of a fire station asbestos hazard.  DePompeo alleges that the defendants retaliated against him by denying him leave, depriving him of vacation days earned, giving him an unsatisfactory progress report "in bad faith and without any basis in fact" and refusing to promote him.

After plaintiffs filed their original complaint on November 29, 2000, defendants filed a motion to dismiss for failure to state a claim upon which relief could be granted.  See Fed. R. Civ. P. 12(b)(6).  In lieu of filing a responsive motion, plaintiffs amended their complaint to allege with more particularity the facts described above and to advance a separate claim under 18 U.S.C.   1962(c) (Civil RICO Claim).

On April 4, 2001, the District Court granted defendants' motion and entered an order, dismissing with prejudice all of the federal claims listed in the Amended Complaint except the Civil RICO Claim.  The District Court then declined to exercise supplemental jurisdiction over the remaining New Jersey law claims, pursuant to 28 U.S.C.   1367(c).

In an opinion accompanying the order, the District Court analyzed plaintiffs' First Amendment retaliation claim under Green v. Philadelphia Housing Auth., 105 F.3d 882 (3d Cir. 1997).  In Green, we held:

A public employee's claim of retaliation for engaging in a protected activity is analyzed under a three-step process.  . . .  A plaintiff must first demonstrate the activity in question was protected. Second, the plaintiff must show the

protected activity was a substantial or motivating factor in the alleged
retaliatory action. . . . Finally, defendants may defeat plaintiff's claim by
demonstrating "that the same action would have been taken even in the
absence of the protected conduct."

105 F.3d at 885 (citations omitted).  Applying Green, the District Court determined that
Plaintiffs failed to satisfy the first two steps. We conclude that by doing so, it erred.

The District Court first held as a matter of law that the plaintiffs' activities were
not protected by the First Amendment because they did not relate to "any matter of
political, social, or other concern to the community."  Bell v. Ostrow, 00-5851 (D. N.J.
2001), Appendix at 11 (citing Green, 105 F.3d at 886).  In doing so, however, the
District Court did not draw in the plaintiffs' favor all reasonable inferences from the facts
alleged in the Amended Complaint.  Given the facts alleged, we find it reasonable to
infer, for example, that public speech about safety or asbestos hazards is a matter of
public concern.

Next, the District Court concluded that the plaintiffs had not sufficiently alleged
that the protected activity was a "substantial or motivating factor" of the claimed
retaliation.  While proving this element at trial may be difficult - and, perhaps, impossible
- for the plaintiffs, the plaintiffs' pleadings are sufficient to survive defendants' motion
to dismiss.  It is reasonable to infer from the relative timing of the protected activities
and the alleged retaliation that the former did, indeed, motivate the latter.

Finally, we find that the District Court also erred by treating the two-year statute
of limitations for Section 1983 claims as a bar to plaintiffs' claims without addressing the
"continued violation" doctrine.  As we stated in Cowell v. Palmer Tp., 263 F.3d 286 (3d
Cir. 2001), the two-year statute of limitations does not bar a Section 1983 claim based on
more remote conduct if there has been a "continuing violation."

In order to benefit from the doctrine, a plaintiff must establish that the
defendant's conduct is "more than the occurrence of isolated or sporadic acts."
. . . Regarding this inquiry, we have recognized that courts should consider at
least three factors: (1) subject matter--whether the violations constitute the
same type of discrimination, tending to connect them in a continuing
violation; (2) frequency--whether the acts are recurring or more in the nature
of isolated incidents; and (3) degree of permanence--whether the act had a
degree of permanence which should trigger the plaintiff's awareness of and
duty to assert his/her rights and whether the consequences of the act would
continue even in the absence of a continuing intent to discriminate.

263 F.3d at 292 (quoting West v. Philadelphia Elec. Co., 45 F.3d 744, 755 (3d Cir.
1995)).  Although plaintiffs had raised this theory before the District Court, the District
Court in its decision to dismiss the Amended Complaint did not address the possibility of
a "continuing violation" exception to the Section 1983 statute of limitations.  We will
remand the case for such an inquiry.

For the above reasons, we will reverse the dismissal of the Amended complaint
and remand this case to the District Court for proceedings consistent with our holding.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Jane R. Roth
Circuit Judge